United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30800

_____

WILLIAM M. SMITH

Plaintiff,

ENERVEST OPERATING LLC;

Defendant - Third Party Plaintiff-Appellant,

STEADFAST INSURANCE CO.,

Third Party Plaintiff - Appellant,

versus

GAUBERT OIL CO. INC.,

Third Party Defendant - Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:03-CV-1922

_____

Before REAVLEY, JOLLY, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

After study of the briefs and argument of the parties, we are convinced that the district court did not err in rejecting the application of maritime law and applying Louisiana law in the interpretation of the relevant contract. We reach this conclusion because it is clear, and indeed undisputed, that the Master Service Contract is not a maritime contract. Even when the instant

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

purchase order is considered with that contract, we are fully convinced that the delivery of the oil by barge was incidental to the sale of the oil. See Lucky-Goldstar, Int'l (America) Inc. v. Phibro Energy Int'l, Ltd., 958 F.2d 58, 59-60 (5th Cir. 1992). To the extent that maritime services were performed under the contract, those services were neither predominant nor separable from the non-maritime obligation. Id. Consequently, maritime law does not apply to the contract. For the foregoing reasons, the judgment of the district court is

AFFIRMED.